IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
RECEIVED
USDC, CLERK, CHARLESTON, SC

2010 APR 29 A 10: 55

|  |  |
|---|---|
| William Franklin Lyons, #198337,<br>        Plaintiff,<br><br>-versus-<br><br>Director Jon Ozmint; Warden Bernard McKie, Sergeant Gibson; Lieutenant Mitchell, Kirkland Correctional Infirmary, Doctor Moore, Ms. Guy, the Head Nurse, and Kirkland Correctional Infirmary,<br><br>        Defendants. | C. A. No. 2:09-0245-HFF-RSC<br><br>**REPORT AND RECOMMENDATION** |

This civil rights action under 42 U.S.C. § 1983[1] (West 1994 & Supp. 1998) brought by a prisoner proceeding *pro se* and *in forma pauperis* is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion

---

[1] Section 1983, titled a civil action for deprivation of rights reads in relevant portion:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

1

for summary judgment. 28 U.S.C. § 636(b).

On January 30, 2009, the plaintiff, William Franklin Lyons, filed this action and filed an amended complaint on June 24, 2009. Plaintiff alleges, generally, that his eighth amendment rights have been violated due to denial of proper medical treatment by the seven defendants named in his Complaint: Defendants Director Jon Ozmint, Warden Bernard McKie, Sergeant Gibson, Lieutenant Mitchell, Doctor Moore, Ms. Guy, the Head Nurse, and Kirkland Correctional Infirmary[2]. Plaintiff seeks damages and equitable relief.

The defendants filed a motion for summary judgment on February 10, 2010. The plaintiff was provided a copy of the motion and on February 11, 2010, was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975). The plaintiff opposed the motion on April 9, 2010, and the defendants filed a reply on April 19, 2010. Hence, it appears consideration of the motion is appropriate.

### SUMMARY JUDGMENT STANDARD

---

[2] In his opposition for summary judgment, Plaintiff conceded the case against all defendants save Sgt. Gibson. It is recommended that all defendants except Gibson be granted summary judgment for this reason.

2

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where a case is "decided on summary judgment, there have not yet been factual findings by a judge or jury, and [the appellant's] version of events ... differs substantially from [the appellee's,] ... courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the ... motion." Scott v. Harris, 550 U.S. 372, 127 S.Ct. 1769, 1774 (2007) (internal quotation marks and alterations omitted).

Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of

proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

On Wednesday, November 19, 2008, Lyons saw a small sore on his right middle finger. On Thursday morning, November 20, 2008, Lyons saw that "[his] finger had swollen to the size of a grape, it was purple in color and very painful." Complaint pg. 3. When

4

returning from breakfast that morning, "[he] spoke with the dorm officer Ms. Gibson, ...and showed her his finger ...and asked her for a pass to go and see a nurse." Defendant Gibson said "No! sign up for sick call." Id. pg. 4. Lyons told Gibson that there was no sick call sign up until Monday at 2 a.m." and that he needed medical attention "Now! before this infection becomes septic and I become very ill due to the viral load in my bloodstream and lose my finger and possibly die." Id. Lyons continued his requests for immediate medical attention and Gibson continued to refuse. Plaintiff believes Gibson would not get immediate medical attention for his finger because she "is mean and hateful toward white people because she is racist." Id.

Next, Lyons showed his finger to nurse Virginia Panti while he was in the "pill line" and to other nurses. The nurses saw his finger and also told him to sign up for sick call. These nurses were not made defendants in the instant action. Likewise, Lyons "pled [his] case to Lieutenant Mitchell who is supposed to be over Sergeant Gibson ... and to several yard officers, including Officer Johnson and others." They told him to get a pass from his dorm officer or sign up for sick call.

Lyons did not sign up for sick call on Thursday, or at the next opportunity thereafter. He signed up for sick call on Monday, November 24, 2008, and was examined and treated by Dr. Moore the following day.

Dr. Moore affied that he diagnosed "an uncomplicated abscess on his finger" which he surgically drained and dressed. A bacterial culture was obtained. Lyon was prescribed oral antibiotics and pain medicine. The abscess healed. According to Dr. Moore, based upon his education, training, and experience as a physician, Lyons was not suffering from any life-threatening condition, injury, or illness and there was no substantial risk of serious harm to his health or well being. Lastly, as to the assessment of his condition by all medical staff who saw it, Dr. Moore opined that they "were appropriate in light of his medical needs." Aff. of Dr. Moore

By affidavit Defendant Gibson stated that Lyons showed her his finger on November 20, 2008, and it did not appear to her to be a serious medical need and, pursuant to SCDC policies and procedures, she told him to sign up for sick call. Further, based upon her education, training, and experience as an employee at SCDC, she did not believe that Lyons was suffering from any life-threatening condition, injury, or illness, or emergency when she saw him. She did not believe that there was even a "remote possibility whatsoever" that there existed a substantial risk of serious harm to Lyon's health or well being at any time. Additionally, at no time did she believe or know of any reason that Lyons needed immediate medical treatment. She did not interfere with any medical staff's care and treatment of Lyons.

Lastly, Lyons did not sign up for sick call at the first available opportunity. Aff. of Gibson.

### NON-MEDICAL PERSONNEL AND THE PROVISION OF MEDICAL CARE

For a prisoner to establish a constitutional violation against non-medical personnel such as Defendant Sergeant Gibson with regard to the provision of medical care or treatment, he must show that prison officials not only knew of an objectively serious condition, medical need, or risk of harm to the inmate, but also disregarded this condition or need. See, e.g., <u>Amos v. Maryland Department of Public Safety & Correctional Services</u>, 126 F.3d 589 (1997). Officials are not liable if they "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

To establish a prima facie case under the eighth amendment, an inmate must show that, objectively assessed, he had a "sufficiently serious" medical need to require treatment." <u>Brice v. Virginia Beach Correctional Ctr.</u>, 58 F.3d 101, 104 (4th Cir. 1995). "A medical need is 'serious' if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" <u>Coppage v. Mann</u>, 906 F. Supp. 1025, 1037 (E.D.Va. 1995) (quoting <u>Monmouth Co. Correctional Institution Inmates v. Lanzaro,</u> 834 F.2d. 326, 347 (3d Cir. 1987).

The Fourth Circuit Court of Appeals has also considered this

7

issue in <u>Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir. 1990) and held that, with regard to non-medical prison personnel, in order to state a claim under 42 U.S.C. §1983, Plaintiff must show that: (1) the supervisory defendants failed promptly to provide an inmate with needed medical care; (2) that the supervisory defendants deliberately interfered with the prison doctors' performance; or (3) that the supervisory defendants tacitly authorized or were indifferent to the prison physicians' constitutional violations. <u>Id</u>. (internal citations omitted). In applying <u>Miltier v. Beorn</u>, to cases where a government official have been accused of failing to attend to the detainee inmate's "serious medical needs," the Fourth Circuit has held that an inmate who alleges deliberate indifference, the required showing in such cases, the plaintiff must meet "a very high standard-a showing of mere negligence will not meet it." <u>Parrish v. Cleveland</u>, 372 F.3d 294, 302 (4th Cir. 2004). The <u>Parrish</u> court went further to hold that,

> [l]iability under this standard thus requires two showings. First, the evidence must show that the official in question subjectively recognized a serious risk of harm. It is not enough that officers should have recognized it; they actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official should have recognized that his actions were inappropriate; the official actually must have recognized that his actions were insufficient.

<u>Parrish v. Cleveland</u>, 372 F.3d 294, 302 (4th Cir. 2004).

## DISCUSSION

As noted, Plaintiff conceded in his opposition to summary judgment the case against all defendants save Sgt. Gibson. For that reason it is recommended that all defendants except Gibson be granted summary judgment. Further a review of the record and relevant case law reveal that Sgt Gibson, the remaining defendant, should be granted judgment as a matter of law.

This is not a difficult case. Plaintiff's assertions that, upon his showing his "severely swollen finger" to Sergeant Gibson, she told him to sign up for sick call, and thus he exclaimed to her that if he did not receive emergency medical treatment "Now!" that he would lose his finger and possibly die, does not come close to a showing that Sergeant Gibson was then on notice that she knew that he needed immediate medical treatment to avoid being placed at significant risk of harm. In fact, Dr. Moore indicated that the plaintiff came in for treatment after signing up for sick call, received treatment, and the plaintiff healed. Plaintiff did not lose his finger and he did not die.

Additionally, various other prison officials and medical personnel were approached by the plaintiff about his finger. They looked at his finger but did not believe that emergency medical care was necessary and did just what the defendant did- told him to sign up for sick call.

In short, Plaintiff failed to establish any of the

9

requirements for stating a claim for constitutionally inadequate care against non-medical personnel, as set forth in Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990), and the defendants are entitled to judgment as a matter of law. As an additional reason for dismissal, the defendants are entitled to qualified immunity as set forth in Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982), because their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Id. at 818.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended the defendants' motion for summary judgment be granted, any outstanding motions be denied as moot, and this matter ended.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
April 28, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).